UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEGRAFFINREID,

        Petitioner,         Case Number: 2:04-CV-73732

v.         HON. JOHN CORBETT O'MEARA

BLAINE C. LAFLER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR APPOINTMENT OF COUNSEL

Petitioner Michael Degraffinreid filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 31, 2006, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has now filed a "Motion for Relief Under 60(b)(6) & (d); Motion for Appointment of Counsel."

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) & (d). Rule 60(b)(6) provides, in pertinent part:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) relief may be granted only in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365

(6th Cir. 1990). Similarly, relief under Rule 60(d) is also available only in cases of "unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973).

> To demonstrate the existence of such circumstances, a party must at a minimum establish the following elements:
>
> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Morawski v. U.S. Dept. of Agriculture*, 2010 WL 2663201, *6 (E.D. Mich. July 02, 2010), citing *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir.1987)

Petitioner argues that his motion should be granted because the Court's disposition of his claim that he was denied the right to a public trial is no longer valid in light of the Supreme Court's decision in *Presley v. Georgia*, __ U.S. __, 130 S. Ct. 721 (2010). The Court held that the Michigan Court of Appeals' finding that counsel consented to the courtroom closure was not an erroneous factual finding nor was it contrary to or an unreasonable application of Supreme Court precedent. In *Presley*, the Supreme Court held that the right to a public trial extends to the *voir dire* of jurors. *Id.* at ___, 130 S. Ct. at 724. This right, however, must be asserted: "the Sixth Amendment right to a trial that is public[ ] provide[s] benefits to the entire society more important than many structural guarantees; but if the litigant does not assert [it] in a timely fashion, he is foreclosed." *Freytag v. Comm'r*, 501 U.S. 868, 896 (1991) (Scalia, J., concurring) (internal quotation

marks omitted). The closure at Petitioner's trial did not involve *voir dire* and *Presley* does not invalidate the decision that the defense consented to the closure. Therefore, Petitioner has not shown that relief from judgment is warranted under Rule 60(b)(6) or (d).

Petitioner also requests appointment of counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, given that the petition and motion for relief from judgment are denied and the matter is closed, the Court determines that the interests of justice do not require appointment of counsel.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Relief Under 60(b)(6) & (d) and Motion for Appointment of Counsel" [dkt. #35] are **DENIED**.

                                       s/John Corbett O'Meara
                                       United States District Judge

Date: March 8, 2011

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 8, 2011, using the ECF system and upon Petitioner, Michael Degraffinreid, at Mound Correctional Facility (NRF) 17601 Mound Road, Detroit, MI 48212 by first-class U.S. mail.

                                                  s/William Barkholz  
                                                  Case Manager